IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 2 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

ADRIAN M. TISDALE (Individually)          )
RE: M & T REAL ESTATE GROUP II, INC,      )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          CASE NO:
                                          )          1-23-CV-05541-MHC
                                          )
COMMERCIAL PROPERTY APPRAISERS            )
LLC; ARDALAN FARTHI (aka) ART FATHI;      )
SKYBEAM CAPITAL REIT LLC;                 )
ACCURATE GROUP LLC,                       )
                                          )
          Defendants.                     )
                                          )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PRE-TRIAL DEADLINES

This matter is before the court on the dispositive motion filed by defendant for stay of pre-trial deadlines. Plaintiff, Adrian M Tisdale, on this 12th day of January 2024, respectfully asks this Honorable Court to deny *"[Defendants Motion to Stay Pre-trial deadline]"* (hereinafter "That Motion").

(1) **Key Points:** Dismissal, Summary Judgment, Judgment on the Pleadings

**A. Grounds: Sufficient Facts. Plausible Culpability.**

2) A party may plead or move in response to an amended pleading and, when required by an order of the court, shall plead within 15 days after service of the amended pleading, unless the court otherwise orders, based on the statute. Defendant, Attorney of record, Richard B Maner, and Skybeam Capital LLC, serving agent, acting as loan serving agent for defendant was served such amended complaint on December 20th and a duplicated sent via USPS priority mail December 21, 2023 [doc.. 6] pg.52. Response to that complaint was due by January 3rd or 4th at the latest and the "Amended Complaint" due January 8, 2022. Defendant time barred response filed twenty-two (22) days later for a dismissal.

3) In this motion, defendant ask the court for a Motion for dismissal are generally governed by FRCP Rule 12(b)(6). Under the traditional rule, when "considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, '[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'" Amadasu v. The Christ Hosp., 514 F.3d 504, 506 (6th Cir. 2008), quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995).

4) In order to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of his entitlement to relief. This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl.

Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In Twombly, the Supreme Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

5) In addition, the Federal Rules of Civil Procedure contemplate that a district court may *sua sponte* grant summary judgment by converting a motion to dismiss filed pursuant to Rule 12(b)(6) into a motion for summary judgment, provided that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56" Fed.R.Civ.P. 12(b)(6); see Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104-

05 (6th Cir.1995).  See also <u>Excel Energy, Inc. v. Cannelton Sales Co.</u>, 246

Fed.Appx. 953, 960, 2007 WL 2426436, 5.

## 6) Background and Material Facts.

    a. In Defendant motions [doc.. 12, 12-1, 13, 13-1, 14] there is no genuine

dispute as to any material facts. Under Rule 56 of the Federal Rules of

Civil Procedure, the court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law.This Court has deemed

it improper for a *motion to dismiss* to apply an evidentiary standard.

Which, unfortunately, is what That Motion tried to do:

> *" Defendant claim a motion to stay pre-trail deadlines,"* due
> to their delay in filing by the deadline close docket date"

> *"Defendant claim the time and resources [doc... 13-1] pg. 3*
> *that Defendant would expend in drafting initial disclosures,*
> *drafting a joint preliminary planning report and discovery*
> *plan, and conduction a Rule 26(f) conference will have been*
> *spent unnecessarily if court grants the Motion to Dismiss."*
> As previously stated, defendant had no regard for this Court
> or plaintiff, filing  its response outside of the deadline now
> willing to spend time and resources after the close of the
> docket January 8, 2024.

7) Thus, Defendant is wrong: Plaintiff does not need to meet an evidentiary burden

at the motion-to-dismiss or extend deadline stay for pre-trial stage. Evidentiary

determinations are the exclusive province of the fact finder. Instead, as the

controlling law in <u>Twombly</u> holds, the four corners of Plaintiff's complaint inference that discovery will reveal evidence to support p*laintiff's claim. Twombly, 550 US at 556"*

- <u>Cooper v Murphy, et al</u> | 2:18-cv-00675 | 11/6/20

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully asks this Honorable Court to deny *"[Defendants Motion to Stay Pre-trial deadline]"* Plaintiff has submitted a well-pled set of factual elements pointing to Defendant's *"arrogance and impertinence"* in not filing by the deadline date with full knowledge of all pending complaints, contributory negligence, unlawful conduct; worthy of a jury's deliberations that would have rule in favor of plaintiff.

Dated this **12th** day of **January 2024**

Respectfully submitted,

/s/ **Adrian M Tisdale**
**Adrian M Tisdale,** Pro se Plaintiff
(678) 206-3415
<u>Adriantisdale7195@gmail.com</u>

## CERTIFICATE OF COMPLIANCE

I certify that the size and style of type used in this document is Times New Roman 14-point Font (caption) and Courier New 12-point Font (contents); thus, complying with the font requirements of this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **12TH** day of **January 2024,** I electronically filed the foregoing with the Clerk of Courts by using its online filing page. I also emailed it to the attached service list.

**/s/ Adrian M Tisdale, pro se**

Weber Pierce, LLC
Jennifer J Pierce
Counsel for Defendants
11585 Jones Bridge Road
Suite 420, #208
John Creek, Georgia 30022
(770) 430-3010
**jennifer@weberpierce.com**

Richard B Maner, P.C.
Counsel for Defendants
180 Interstate North Parkway
Suite 200
Atlanta, Georgia 30339
(404) 252-6385
**rmaner@rbmlegal.com**